559 P.2d 846

**SPRINGER CORPORATION,**
Plaintiff-Appellee,

v.

**DALLAS & MAVIS FORWARDING COMPANY, INC., and Mack Trucks, Inc., Defendants-Cross Appellants,**

and

**Firestone Tire & Rubber Company,**
Defendant-Appellant.

**No. 2541.**

Court of Appeals of New Mexico.

Dec. 14, 1976.

Certiorari Quashed Feb. 3, 1977.

59

Ray H. Rodey, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellant Firestone.

Peter J. Adang, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-cross appellant Mack Trucks.

Leslie L. Rakestraw, Oldaker & Oldaker, Albuquerque, for appellee Springer.

Bill Chappell, Jr., Johnson, Paulantis & Lanphere, Albuquerque, for co-appellee and cross-appellant Dallas and Mavis.

## OPINION

WOOD, Chief Judge.

The appeal involves the blowout of a new tire which had been driven approximately 40 miles. Springer (Springer Corporation) ordered a truck from Mack (Mack Trucks, Inc.). The truck was equipped with tires manufactured by Firestone (Firestone Tire & Rubber Company). Mack turned the completed truck over to Dallas (Dallas & Mavis Forwarding Company, Inc.) for delivery to Springer. The tire blew, and the truck wrecked, shortly after the delivery trip was underway. Springer recovered judgment against all defendants. Judgment was also entered in favor of certain cross-claiming defendants. The several appellants and cross-appellants raise a variety of issues. Two are dispositive: (1) evidence of a defect, and (2) common carrier liability.

### Evidence of a Defect

Mack and Firestone were held liable to Springer on two theories—implied warranty and strict liability. Mack and Firestone were held liable to Dallas on its cross-claim on a theory of strict liability. Firestone was held liable to Mack on Mack's cross-claim, but with no theory of liability stated in the trial court's decision.

With the exception of Springer's judgment against Dallas, all the judgments in this case are based on an allegedly defective tire. Whether the legal theory is that of implied warranty or strict liability, the proponent (plaintiff or the cross-claimant) had the burden of proving a defect. *Markwell v. General Tire and Rubber Company*, 367 F.2d 748 (7th Cir. 1966); *State Farm Fire & Casualty Co. v. Miller Metal Co.*, 83 N.M. 516, 494 P.2d 178 (Ct.App.1971).

In addition to proof of a defect, there must be proof that the defect existed at a point in time sufficient to charge a particular defendant with the defect. *State Farm Fire & Casualty Co. v. Miller Metal Co.*, supra. The trial court's findings as to "point in time" are ambiguous as to Firestone. The trial court found the tire was defective when placed on the truck and the defect caused the blowout. Mack mounted the tire, but had the tire in its possession for five days before doing so. The trial court did not find that a defect existed in the tire at the time Firestone parted with it. However, one of the trial court's conclusions refers to the defective tire furnished by Firestone. Treating this conclusion as a finding, and construing the findings to support the judgment, the construed findings are to the effect that Firestone supplied a defective tire and the defect caused the blowout. *H. T. Coker Const. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

Testimony concerning the blowout is that it was a line type rip on the outside of the sidewall. The rip extended some 40 to 50 percent along the circumference. There was a smaller break "lower down". In addition, there was a puncture hole in the tire which went clear through the tire. There was chafing around the area of the puncture hole. The witnesses agree that some of the long rip occurred at the time of the blowout. The evidence conflicts as to when the puncture hole occurred—before or after the blowout.

The tire was mounted by Mack. The truck was driven by a Dallas yard driver from Mack's plant to the Dallas yard, a

distance of 14 miles. The truck sat in Dallas' yard some 6 to 7 days before Dallas undertook to deliver the truck to Springer. The truck had been driven some 25 to 27 miles on the delivery trip when the blowout occurred. This distance had been traveled on paved roads. The driver testified that he had not run over anything and had not experienced any pulling which indicated a loss of pressure in the tire.

The truck was being driven within the speed limit on a clear flat road when the right front tire suddenly blew out. The truck veered to its right, crossed a ditch, went through a fence, a trailer park and another fence before coming to rest in another ditch.

The evidence is that when the tire was mounted by Mack, it was properly inflated and visually inspected for defects. None were found. The evidence is that before leaving the Dallas yard, the delivery driver visually inspected the tire for defects. Again, none were found. The delivery driver added approximately 5 pounds of pressure to the tires before starting on the trip. He brought the pressure up to 70 pounds, this being proper pressure for the tire under the existing loading conditions.

■ Springer states: "It is a logical inference from these facts that the tire was somehow defective, as a normal tire would not blow out under such conditions." Thus, the contention is that when a properly inflated new tire was being used on a truck properly driven on a paved road and a blowout occurred after approximately 40 miles of use, the fact finder could infer that the tire was defective. In our opinion, more was required.

■ There is no direct evidence of the alleged defect. The proof is circumstantial. A defect may be proved by circumstantial evidence. *Carter Farms Company v. Hoffman-Laroche, Inc.*, 83 N.M. 383, 492 P.2d 1000 (Ct.App.1971). The issue is whether the circumstantial evidence was sufficient.

"Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved." U.J.I. Civil 17.6. An inference which will support a judgment cannot be supposition or conjecture, but must be a logical deduction from facts proven. *Gray v. E. J. Longyear Company*, 78 N.M. 161, 429 P.2d 359 (1967). In civil cases, where circumstantial evidence is relied on for recovery, the burden of proof is "to make out the more probable hypothesis." *Lopez v. Townsend*, 42 N.M. 601, 82 P.2d 921 (1938); see *Clower v. Grossman*, 55 N.M. 546, 237 P.2d 353 (1951); see the facts in *Carter Farms Company v. Hoffman-Laroche, Inc.*, supra. The evidence of a defect was insufficient under these rules.

Our reasons for this holding are:

1. After the delivery driver testified to the slit or rip in the sidewall, he was asked if that was the only damage he observed. His answer: "On the wheel. Truck tires have a split wheel. I never did find the rim, the thing that holds the tires together. It blowed out and nobody found it." There is no evidence as to the part this rim played, if any, in connection with the blowout.

2. It is undisputed that a puncture hole existed after the accident. Firestone's expert testified that the puncture hole caused the tire to be underinflated which in turn caused overflexing of the sidewalls and this caused the blowout. The trial court discarded this explanation, ruling that it was not credible. Yet, the fact of the puncture hole remains. Since the Firestone expert was not believed, the result is an absence of evidence as to the part, if any, played by the puncture hole in connection with the blowout.

We cannot hold that the more probable cause of the blowout was a defective tire absent some explanation concerning the rim and the puncture hole. Absent such an explanation, the circumstantial evidence does not permit an inference that the tire was defective. So holding, we do not reach the question as to the "point in time" the alleged defect existed.

*Common Carrier Liability*

Springer's judgment against Dallas was on the basis that Dallas was a common

carrier. The trial court so found, and this finding is not challenged. The contention under this issue involves one of the grounds by which a common carrier can avoid liability.

49 U.S.C.A. § 20(11) codified the common law rule concerning the liability of a common carrier. *Missouri P. R. Co. v. Elmore & Stahl,* 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964) states:

> "[U]nder federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability."

One of the causes relieving the carrier from liability is " 'the inherent vice or nature of the goods.' " *Missouri P. R. Co. v. Elmore & Stahl,* supra.

 Dallas concedes that Springer made a prima facie case. It claims it met its burden of showing that damages to the truck resulted from the inherent vice or nature of the goods. It points out that damage to the truck resulted from the blowout. It asserts that it met its burden of proof because Firestone's expert testified that blowouts, such as the one in this case, were the result of the inherent nature of the tire.

This argument misconstrues the expert's testimony. The expert testified that, in his opinion, the puncture caused the tire to be underinflated, the underinflation caused pressure on the sidewalls and the result was the blowout. Thus, the basis for the blowout was underinflation of the tire, not the tire itself. This argument also overlooks the fact that the trial court ruled the expert's testimony was not to be credited. The trial court refused Dallas' request to find that the truck damages were caused by the inherent nature or vice of the goods supplied to Dallas. This request was properly refused; no evidence supports this the-

ory other than the Firestone expert and he was not believed.

The trial court did not err in concluding that the truck damages were not of the type to relieve Dallas of its common carrier liability.

Oral argument is unnecessary. Springer's judgment against Dallas is affirmed. The other judgments are reversed. The cause is remanded for entry of a new judgment consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.