707 P.2d 27

**Guadalupe SALINAS, Plaintiff-Appellee,**

v.

**JOHN DEERE COMPANY, INC. and
Deming Implement Company,
Defendants-Appellants.**

**No. 7616.**

Court of Appeals of New Mexico.

Nov. 15, 1984.

Certiorari Quashed Sept. 25, 1985.

H. Vern Payne, Payne & Ranquist, P.C., Albuquerque, Frederick H. Sherman, Sherman & Sherman, Deming, for plaintiff-appellee.

Walter R. Parr, Walter R. Parr, P.C., Las Cruces, for defendants-appellants.

## OPINION

MINZNER, Judge.

On the court's own motion, the prior opinion in this case is withdrawn, and the following opinion is substituted for it. We make this substitution in order to clarify our holding on the last issue discussed by the opinion.

Defendants John Deere Company, Inc. and Deming Implement Company appeal a judgment on the ground that the trial judge erred in giving a products liability instruction. Defendants also contend that the trial court lacked jurisdiction to amend an order of remittitur more than thirty days after entering judgment. We affirm the judgment, but we agree with defendants that the trial court lacked jurisdiction to enter the amended remittitur order.

FACTS

Plaintiff Guadalupe Salinas suffered extensive injuries as a result of an accident which occurred during corn harvesting. At the time of the accident Hal Keeler, plaintiff's employer, was operating a corn com-

bine manufactured by John Deere and distributed locally by Deming Implement. Plaintiff and Keeler were working in a corn field where wind had blown down the corn, causing the corn stalks to "bunch up." As a result, the headers of the combine could not pick up the corn efficiently; debris collected in front of the combine on its row dividers, preventing the gathering chains from reaching the corn. Periodically, Keeler stopped the forward motion of the combine and ordered his employees to remove the debris and salvage the accumulated "down corn." Although the forward motion of the combine stopped, the gathering chains continued operating. During one such procedure, the gathering chains caught plaintiff's leg and pulled him into the combine.

Plaintiff sued defendants on theories of strict liability, breach of warranty, and negligence. At the close of plaintiff's case, defendants moved for a directed verdict, and the trial judge reserved a ruling on the motion. Plaintiff submitted products liability jury instructions from New Mexico Civil Uniform Jury Instructions. Defendants objected to the strict liability instruction based on NMSA 1978, UJI Civ. 14.1(C) (Repl.Pamp.1980), which purported to set out the defective conditions of the combine. The jury returned a verdict of $426,000, and the trial judge entered judgment on October 7, 1983.

Defendants filed a motion for remittitur or, in the alternative, for a new trial, on October 17. The trial judge denied the motion for a new trial but granted remittitur of $236,000 on November 16, directing plaintiff to accept the remitted verdict or face a new trial.

Later the same day, plaintiff filed a motion to vacate the conditional order of remittitur, asking that the trial court also condition remittitur on defendants' acceptance of the remitted verdict. On December 15, the trial court filed an amended order of remittitur that provided, "If Salinas accepts the order of remittitur, and the defendants do not accept the order of remittitur, such order of remitturs are hereby vacated and the original judgment * * * shall stand as the judgment in said cause." Plaintiff filed an acceptance as to both orders, but defendants did not accept the amended order of remittitur. Defendants filed a notice of appeal on December 16.

## I. DISMISSAL OF APPEAL FOR BREACH OF APPELLATE RULES

■ Plaintiff has argued in support of affirmance that defects in defendants' statement of the proceedings justify dismissal of the appeal. *See* NMSA 1978, Civ.App.R. 9(m)(4) (Repl.Pamp.1984). If the transcript and briefs adequately notify the court of the issues raised on appeal, we should consider the appeal despite a technical violation of the rules. *See Huckins v. Ritter,* 99 N.M. 560, 661 P.2d 52 (1983).

Defendants' statement clearly sets out the proceedings that bear upon the trial court's jurisdiction to enter the amended remittitur order. Defendants have provided a transcript reference to their objections at trial to the products liability instruction. Defendants' statement of proceedings generally recited facts designed to support their contentions.

■ Under some circumstances, a failure to summarize the substance of all evidence bearing upon factual issues precludes review of error. *See Minor v. Homestake-Sapin Partners Mine,* 69 N.M. 72, 364 P.2d 134 (1961). As we understand defendants' argument, however, the issues raised do not require that we search the record. Defendants have not contended that there was insufficient evidence to support the verdict. Defendants contend that the trial judge, when instructing the jury on the claimed defects in the combine, described a condition as to which there was no evidence and that it was reversible error to give the instruction. Defendants have summarized the relevant evidence, and we can evaluate the claimed error.

Under the circumstances of this case, there is no breach of the appellate rules that warrants dismissal. *See Huckins v. Ritter.* There is no breach of the rule that

precludes review on appeal, although we have interpreted the argument as to factual sufficiency in light of the evidence summarized.

## II. PRODUCTS LIABILITY INSTRUCTION

Defendants have argued two issues as to the products liability instruction. The relevant instruction is a modification of one of the uniform jury instructions. *See* UJI Civ. 14.1(C). As modified, the instruction reads:

C. Plaintiff also claims that the defendant suppliers are subject to products liability for an unreasonable risk of injury resulting from a condition of the product or manner in which it was used, and that that risk was a proximate cause of the injury to plaintiff and resulting damages. Whereas the claim of failure to use ordinary care is based upon acts or omissions of the supplier, products liability is based upon the following claimed defects in the products:

(1) Supplying the corn combine so that the header could foreseeably encourage its use in manually assisting to eliminate a pile up [sic] of corn in down crops.

(2) Supplying a corn combine with gathering chains and snapping rollers which are not guarded by location to prevent human access.

(3) Supplying the corn combine without corn cones or other appropriate equipment which would decrease stoppage in down corn and decrease the necessity of exposure where people would foreseeably attempt to manually assist in eliminating a pile up [sic] of corn in a down field.

Plaintiff has the burden of showing that any one of his claims of failure to use ordinary care or products liability was the proximate cause of his injuries and resulting damages.

Defendants complain that the first and third descriptions of claimed defects do not state the ultimate facts the jury must find. Specifically, defendants argue that subsections (1) and (3) contain "a series of undefined phrases," and also that subsection (3) is "ambiguous." Defendants' contentions generally attack the clarity with which plaintiff has stated two of his strict liability theories. In addition, defendants claim that key elements of the theory presented in subsection (3) were not supported by the evidence. No complaint is raised as to subsection (2).

### A. *Clarity of the Instruction*

Defendants have not preserved any issue as to subsection (1) on appeal. As to subsection (3), defendants either failed to preserve error or have not carried their burden on appeal.

#### 1. *Undefined Phrases*

Defendants have identified a number of phrases, including "corn savers or other appropriate equipment" as undefined phrases. However, they did not complain expressly to the trial judge about undefined phrases. Rather, defendants' counsel argued to the trial court that subsections (1) and (3) were misleading and confusing, failed to state a duty imposed by law, and were unsupported by the evidence in the case. These objections were not sufficient to alert the trial judge to the error claimed on appeal. Objections which fail to point out specifically the vice or defect in an instruction are insufficient to preserve the issue for review. *Scott v. Brown*, 76 N.M. 501, 416 P.2d 516 (1966). Further, a party must raise the same objection on appeal that was raised at trial. *Martinez v. Teague*, 96 N.M. 446, 631 P.2d 1314 (Ct.App.1981).

#### 2. *Ambiguity of Subsection (3)*

Defendants generally attack the subsection as failing to state a legal duty. Plaintiff argues they have not preserved this issue for review. A mere assertion that an instruction does not state the law is insufficient. *McBee v. Atchison, Topeka & Santa Fe Railway Co.*, 80 N.M. 468, 457 P.2d 987 (Ct.App.1969).

Defendants should have pointed out in what manner they found particular phrases

in the instruction confusing and misleading. *See Bussell v. Missouri Pacific Railroad Co.*, 237 Ark. 812, 376 S.W.2d 545 (1964). Alternatively, defendants might have tendered a modified instruction. *See Budagher v. Amrep Corp.*, 97 N.M. 116, 637 P.2d 547 (1981).

■ Defendants' counsel might have pointed out the claim of error to the trial judge with greater specificity, and he might have offered an amended instruction, but he apparently feared that he would waive any right to object to the instruction if he made suggestions that were accepted. Counsel may make suggestions, even in the form of an amended instruction, while reserving the right to object subsequently to legal and factual sufficiency. *See* NMSA 1978, Civ.P.R. 51(J) (Cum.Supp.1984). In fact, we believe that such a practice would have a beneficial effect by reducing the possibility of errors in the instructions. Counsel should be able to assist the trial court without fear that suggestions or tendered instructions might waive his right to claim error on appeal.

We will not hold on the facts of this case that defendants waived the right to claim the instruction failed to state a legal duty. The record indicates that, in objecting to the instruction, defendants' counsel made statements about the nature of the evidence that sufficiently raised the issue of ambiguity. Under the circumstances of this case, and in light of the limited number of New Mexico cases dealing with strict liability, we hold defendants preserved their right to appellate review of the error raised.

■ Subsection (3) together with subsections (1) and (2) present alternative bases for strict liability. Each attempts to state a different design defect in the corn combine. The record indicates that the term "corn cones" was used in pleadings and during the course of trial as a synonym for terms such as "corn saver."

Subsection (3) was not the sole instruction on plaintiff's third theory. Another instruction, to which defendants have not objected, defined "unreasonable risk of injury." This instruction followed NMSA 1978, UJI Civ. 14.7 (Cum.Supp.1984). Another instruction defined "defect" for the jury. This instruction followed NMSA 1978, UJI Civ. 14.6 (Cum.Supp.1984). Defendants did not object to these instructions and have not challenged them on appeal.

In the context of the evidence at trial and the other instructions, subsection (3) addressed the issue of liability as a result of failure to equip the combine with attachments such as corn savers. In context, plaintiff presented a theory that the combine was defective because it was not equipped at the time of the accident with a device which would have limited the stops necessary on the day of the accident. In context, subsection (3) adequately states plaintiff's alternative theory of strict liability. *Compare Blunk v. Allis-Chalmers Manufacturing Co.*, 143 Ind.App. 631, 242 N.E.2d 122 (1968) (decided under a common law negligence standard) *with Davis v. Fox River Tractor Co.*, 518 F.2d 481 (1975) (reviewing sufficiency of the evidence in a products liability case that a machine was defective and unreasonably dangerous). *See generally* Annot., 4 A.L.R.4th 13, 34–42 (1981).

Defendants also contend that, even if, in context, the phrase "corn cones or other appropriate equipment" refers to corn savers, subsection (3) is confusing because one of the defendants, Deming Implement, had sold plaintiff's employer a corn saver. Defendants made this point when objecting to the instruction, but neither then nor on appeal have defendants articulated how this fact creates error in subsection (3).

■ Defendants have not claimed that Deming Implement sold the corn saver to plaintiff's employer for use with the combine involved in the accident. In fact, the record indicates that the combine involved in the accident belonged to Keeler's brother, and the corn saver sold to Keeler was in use at the time of the accident on another machine. Defendants have the burden on appeal of identifying the claimed error.

*See Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970). As to this contention, defendants have not met their burden on appeal.

### B. *Sufficiency of the Evidence*

Defendants also contend that the trial court erred in giving the subsection (3) instruction because no evidence was presented that a failure to supply corn cones or other appropriate equipment made the combine defective and unreasonably dangerous. They note it is error to instruct on a theory not supported by the evidence. *Reed v. Styron*, 69 N.M. 262, 365 P.2d 912 (1961).

 Plaintiff contends that because there was sufficient evidence to support his other theories, any error was harmless. The fact that other evidence supports a general verdict would not entitle us to affirm a verdict if an erroneous instruction had been given. *Gerety v. Demers*, 86 N.M. 141, 520 P.2d 869 (1974).

Defendants primarily rely upon a contention that no witness mentioned the specific term "corn cones" during trial. However, the term was used interchangeably with other terms, such as "corn saver," during the course of the trial.

Second, defendants argue there was no evidence that the absence of corn savers or other such equipment rendered the combine defective and unreasonably dangerous. Although no expert witness testified as to the danger that the absence of a corn saver posed, plaintiff's employer testified that a corn saver reduces the number of stops necessary in harvesting "down corn." He also testified that he had stopped the forward motion of the combine at least twice before the time plaintiff was injured. There was other evidence in the record that several devices similar to corn savers are available commercially.

 A product is defective if its condition or the manner of its use creates an unreasonable risk of injury and was the proximate cause of injury. *See* UJI Civ. 14.6; *see generally* Comment, *Torts—A*

*Survey of the Law of Strict Tort Products Liability in New Mexico*, 11 N.M.L.Rev. 359, 387–390 (1981). The plaintiff may rely on circumstantial evidence. *See Springer Corp. v. Dallas & Mavis Forwarding Co.*, 90 N.M. 58, 559 P.2d 846 (Ct.App.1976). The question of whether a product is unreasonably dangerous ordinarily is a question for the jury. *See Liberty Mutual Insurance Co. v. Sears, Roebuck & Co.*, 35 Conn.Supp. 687, 406 A.2d 1254 (1979).

 The question on appeal is whether there was evidence from which the jury might conclude that there was a condition of the combine or manner of its use that created an unreasonable risk of injury. *Cf. Flanary v. Transport Trucking Stop*, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968) (question was whether there was evidence that supported an instruction on unavoidable accident). There was such evidence. A jury might conclude that the combine lacked an available device which would have made the combine safer for its intended use. Under these circumstances, the question of whether the absence of a corn saver or other appropriate equipment made the product unreasonably dangerous was an issue for the jury. Defendants have not argued on appeal any deficiency in the evidence as to proximate cause.

 Third, defendants contend that there was no evidence to support the instruction because plaintiff's employer had a corn saver, sold separately from the corn combine by Deming Implement. Defendants have not explained how this fact relates to the evidentiary issue. We believe this contention is irrelevant to the question on appeal.

Plaintiff must show the product was defective when it left defendants' hands. *Restatement (Second) of Torts* § 402A comment f (1965). A supplier is liable as long as it is in the chain of distribution. *Id.* There is no dispute that the combine was sold by John Deere without a corn saver or other attachment or that Deming Implement resold the combine.

■ A party is entitled to an instruction on the theory of his or her case where there is evidence to support it. *Flanary v. Transport Trucking Stop.* Defendant has not demonstrated that there was no evidence to support subsection (3), and we hold the trial judge did not err in giving it.

### III. THE AMENDED REMITTITUR ORDER

■ Defendants argue that the amended order of remittitur, filed December 15, was without effect, citing NMSA 1978, Civ.App. Rule 3(d) (Repl.Pamp.1984) and *Chavez-Rey v. Miller*, 99 N.M. 377, 658 P.2d 452 (1982). The filings and dates relevant to this argument are as follows:

(1) Judgment on Verdict—October 7, 1983;

(2) Motion for Remittitur—October 17, 1983;

(3) Order Denying New Trial and Order Granting Remittitur—November 16, 1983;

(4) Motion to Vacate Conditional Order of Remittitur—November 16, 1983;

(5) Amended Order of Remittitur—December 15, 1983.

(6) Notice of Appeal—December 16, 1983.

Defendants contend that *any* order entered more than thirty days after the filing of the original motion directed against the verdict is without effect. Plaintiff argues that the order of November 16, denying the new trial but granting remittitur, became a new final judgment for purposes of appeal. Thus, its motion to vacate operates in the same manner as defendants' motion for remittitur and the trial court had thirty days from its filing to act, which it did by order on December 15. Because the motion for remittitur was filed and served not later than ten days after entry of judgment, plaintiff argues that the finality of that judgment was suspended. *See Perez v. Perez*, 75 N.M. 656, 409 P.2d 804 (1966); 6A J. Moore, *Moore's Federal Practice* ¶ 59.09[4], at 59–243 (1983).

We disagree with plaintiff's analysis. Plaintiff has not directed us to, nor have we found, any authority for the proposition that the November 16 order represents an amended final order for all purposes. *Perez* distinguished NMSA 1978, Civ.P. Rule 60(b) (Repl.Pamp.1980) and NMSA 1978, Civ.P. Rule 59(e) (Repl.Pamp.1980) when it stated that the motion under the latter rule affected finality. The court specifically cited the terms of Rule 60(b) for the proposition that a motion under Rule 60 does not affect finality. *Perez* recognizes that a Rule 59(e) motion is available on different terms than a Rule 60(b) motion and that the latter may be made and granted, for the reasons specified in the rule, long after a Rule 59(e) motion has become untimely.

A Rule 59 motion, whether granted or denied, may have the effect of reestablishing the final judgment. *See* 6A J. Moore, *Moore's Federal Practice* ¶ 59.13[1], at 59–297 (1983). In this case, that was the result of the November 16 order.

When the trial judge denied a new trial and ordered remittitur on November 16, he reestablished the final judgment as of October 7, because thereafter neither party was entitled to move for reconsideration. *See* 6A J. Moore, *supra*, ¶ 59.13[3], at 59–300, and ¶ 59.14[4], at 59–302 to –303. We hold that Salinas' motion to vacate the order of November 16 was an impermissible motion to reconsider, because it raised the same issues that led to the order of remittitur or issues that might have been raised in resisting the Rule 59 motion. *Id.* The trial judge also lacked power on his own to enter the amended order on December 15. The same principles that preclude the parties from moving for reconsideration also make this amended order an impermissible reconsideration. *See* 6A J. Moore, *supra*, ¶ 59.12[1], at 59–289 to –290.

Under the circumstances of this case, we need not consider whether the original order of remittitur was an amended final order for any purpose. Relief in this case would be destructive of the general purpose behind the relevant procedural rules. The rules do not permit successive attacks upon final judgments by motions to recon-

sider orders that deny a new trial "or that deny or grant an alteration or amendment of the judgment." 6A J. Moore, *supra*, ¶ 59.13[1], at 59–298. A trial judge ordinarily retains jurisdiction over the final judgment for thirty days. NMSA 1978, § 39–1–1. This case does not fall within any exception to the rule.

 At oral argument plaintiff contended that, unless we hold the November 16 order to be an amended final judgment, this court lacked jurisdiction because defendants had filed their notice of appeal too late. *See* Civ.App.R. 3. As defendants note in their brief, however, the motion for a new trial or remittitur was denied in part and granted in part on November 16, when the trial judge entered the original remittitur. The full time for appeal commenced running with the court's entry of the order on November 16. *See* Civ.App.R. 3(d). Defendants filed the notice of appeal on De-

cember 16, which was the last possible day under Rule 3. This court does not lack jurisdiction over the appeal.

CONCLUSION

We affirm the trial court's judgment entered October 7 as amended by the order of remittitur entered November 16. We remand the case for revocation of the amended order of remittitur dated December 15.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.