This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LEAH N. RIVERA,**

Plaintiff-Appellant,

v.                                                                    **NO. 32,547**

**THE CITY OF LAS CRUCES, NEW**
**MEXICO, and STOP EXPERTS, INC.,**

Defendant-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Watson Law Office, LLC
Matthew G. Watson
Las Cruces, NM

Lilley & O'Connell, P.A.
Michael W. Lilley
Las Cruces, NM

for Appellant

City of Las Cruces
William R. Babington, Jr., Deputy City Attorney
Las Cruces, NM

for Appellee City of Las Cruces, New Mexico

Sandenaw Law Firm, P.C.

Thomas A. Sandenaw

Las Cruces, NM

for Appellee Stop Experts, Inc.

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Plaintiff, Leah N. Rivera, appeals from the district court's grant of summary judgment in favor of Defendants, City of Las Cruces, New Mexico (the City) and Stop Experts, Inc. (Stop Experts). [DS 1, RP Vol. VI, 1520, 1526] We issued a notice proposing to summarily reverse. The City and Stop Experts each filed a memorandum in opposition, and Plaintiff filed a memorandum in support. We continue to believe there were genuine issues of material fact that precluded the entry of summary judgment in favor of Defendants. Accordingly, we reverse and remand.

**BACKGROUND**

{2} Plaintiff sustained serious injuries when she was struck by a motor vehicle while crossing a crosswalk in Las Cruces, New Mexico, on October 9, 2008. [DS 1] In her second amended complaint, Plaintiff alleged that she was injured while crossing at a marked crosswalk with a flashing light system that was designed and manufactured by Stop Experts and was owned and operated by the City. [RP Vol. II, 406] She alleged that she pushed a button to activate the flashing lights prior to crossing the street, but the lights failed to function. [RP Vol. II, 406-07]

{3} Stop Experts filed a motion for summary judgment on January 4, 2011. [RP Vol. IV, 934] Stop Experts argued that Plaintiff could not establish, as a matter of law, that her accident was proximately caused by Stop Experts because she testified at her deposition that she did not know whether the flashing light system activated on the day of the accident, and she said the same thing would have happened regardless of whether the lights had activated. [RP Vol. IV, 939] Stop Experts argued, in the alternative, that it was entitled to summary judgment because Plaintiff did not provide any evidence supporting elements of her product liability and negligence claims. [RP Vol. IV, 940-41]

{4} The City filed a motion for summary judgment on January 25, 2011. [RP Vol. V, 1040] The City emphasized Plaintiff's testimony that "regardless of whether or not the flashing lights did or did not turn on, the same thing would have occurred to her (she would have been struck by a car)." [RP Vol. V, 1049]

{5} The district court granted summary judgment in favor of Defendants. [RP Vol. VI, 1520, 1526] With respect to both Defendants, the district court found:

> 6. Plaintiff pushed the button on the pole at the crosswalk to activate the flashing light system.
>
> . . . .
>
> 9. [The driver of the vehicle that struck Plaintiff] did not see flashing lights or know if the light system was working at the time of the accident.

10. Plaintiff does not recall if the lights were flashing after she pushed the button [on] the pole or before the collision.

11. In Plaintiff's deposition she admits that, even if the flashing light system did not turn on, she would not have done anything differently and she would have crossed the street in the same manner.

12. In her deposition, Plaintiff further admits that, regardless of whether the flashing light system turned on or did not turn on, she would have crossed the street into the path of [the driver's] vehicle.

[RP Vol. VI, 1521, 1527] With respect to the City, the district court concluded that Plaintiff failed to meet her burden of presenting "any evidence that, on the date in question, the lights were not functioning." [RP Vol. VI, 1524] The district court explained:

> Plaintiff asks the [c]ourt to infer that, because the system had failed in the past and because on the date in question neither Plaintiff nor [the driver] recall[ ] seeing the flashing light system work, the inference upon inference must be that the system was not functioning. However . . . stacking inference upon inference is impermissible. Furthermore, the issue of the function or non-function of the system is an *immaterial* fact at issue in this case because both Plaintiff and [the driver] have stated under oath that they would have engaged in the same behavior regardless of the function or non-function of the flashing light system. Consequently, even if the City of Las Cruces was negligent in its maintenance of the flashing light system, such negligence, as a matter of law, cannot be shown to be a proximate cause of Plaintiff's injuries or damages, therefore, summary judgment is appropriate.

[RP Vol. VI, 1524-25]

4

{6} With respect to Stop Experts, the district court concluded that Plaintiff failed to establish proximate cause. [RP Vol. VI, 1530] As an alternative ground for summary judgment, the district court held that Plaintiff failed to establish the remaining elements of her claims. [RP Vol. VI, 1531] With respect to the product liability claim, the district court held that Plaintiff failed to produce evidence that any failure of the system was caused by a defect and that the system was defective when it left the hands of Stop Experts. [RP Vol. VI, 1532] With respect to the negligence claim, the district court held that Plaintiff failed to show that any action on the part of Stop Experts caused a malfunction on the day of the accident. [RP Vol. VI, 1532]

**DISCUSSION**

{7} "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted).

**{8}** "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983); *see also* Rule 1-056 NMRA. "An issue of fact is genuine if the evidence before the court . . . would allow a hypothetical fair-minded factfinder to return a verdict favorable to the non-movant on that particular issue of fact. An issue of fact is material if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Romero v. Philip Morris, Inc.*, 2009-NMCA-022, ¶ 12, 145 N.M. 658, 203 P.3d 873 (internal quotation marks and citation omitted), *rev'd on other grounds*, 2010-NMSC-035, 148 N.M. 713, 242 P.3d 280.

**The District Court Erred in Granting Summary Judgment in Favor of the City**

**{9}** The district court granted summary judgment in favor of the City because it concluded that Plaintiff did not show there was a genuine issue of material fact with respect to probable cause. The district court appears to have concluded that because Plaintiff testified that she would have crossed the street regardless of whether the flashing lights had turned on, she could not establish that the City proximately caused her injuries. We disagree.

**{10}** In New Mexico, "proximate cause is generally a question of fact for the jury." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 8, 134 N.M. 43, 73 P.3d 181; *see*

6

*Rickerson v. State*, 94 N.M. 473, 475, 612 P.2d 703, 705 (Ct. App. 1980) ("If reasonable minds could differ on issues of sole proximate cause, remote cause, intervening cause, or concurring proximate cause, the matter is for the jury."). Here, the driver of the vehicle that struck Plaintiff testified that she did not see flashing lights and that, if she had seen flashing lights, she would have stopped. [RP Vol. VI, 1324] The driver further testified that she had previously seen flashing lights at the crosswalk and stopped for pedestrians crossing the street. [RP Vol. VI, 1326, 1327]

{11} In its memorandum in opposition, the City argues that "[t]he undisputed evidence is that the lights were working at the time of this accident." [City MIO 5] This issue was disputed by Plaintiff and was supported by the testimony of Plaintiff that she pushed a button to activate the flashing lights and by the testimony of Plaintiff and the driver that neither saw the flashing lights prior to the accident. Because there was a disputed issue of material fact regarding whether the lack of flashing lights proximately caused Plaintiff's injuries, we conclude the district court erred in granting summary judgment in favor of the City.

**The District Court Erred in Granting Summary Judgment in Favor of Stop Experts**

{12} In its order granting summary judgment in favor of Stop Experts, the district court held that Stop Experts was entitled to summary judgment because Plaintiff failed to establish the elements necessary to prove her product liability and negligence

claims. [RP Vol. VI, 1531] We agree with Plaintiff that there were genuine issues of material fact that precluded the entry of summary judgment in favor of Stop Experts.

**Product Liability Claim**

{13}     In order to succeed on a product liability claim, a party must prove the following: " (1) the product was defective; (2) the product was defective when it left the hands of the defendant and was substantially unchanged when it reached the user or consumer; (3) that because of the defect the product was unreasonably dangerous to the user or consumer; (4) the consumer was injured or was damaged; (5) the defective condition of the product was the proximate cause of the injury or damage." *Tenney v. Seven-Up Co.*, 92 N.M. 158, 159, 584 P.2d 205, 206 (Ct. App. 1978). The district court held that Plaintiff failed to produce evidence supporting the first, second, and fifth elements. [RP Vol. VI, 1530, 1532] In our notice, we proposed to conclude that Plaintiff produced sufficient evidence supporting each of these elements. In its memorandum in opposition, Stop Experts limits its argument to the first and fifth elements. With respect to the fifth element, we have already explained that there was a material issue of fact regarding whether the defective condition of the flashing light system was the proximate cause of Plaintiff's injuries. We thus limit our discussion to the first element–whether the flashing light system was defective. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (stating that

8

a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact).

{14} We conclude that there was a material issue of fact regarding whether the flashing light system was defective on October 9, 2008. In New Mexico, "a [product] defect may be proved by circumstantial evidence." *Springer Corp. v. Dallas & Mavis Forwarding Co.*, 90 N.M. 58, 60, 559 P.2d 846, 848 (Ct. App. 1976). "Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved." *Id.* (internal quotation marks and citation omitted).

{15} The record contains repair logs, emails, and other evidence detailing problems with the flashing light system. [MIS 6] In its memorandum in opposition, Stop Experts acknowledges this evidence, but asserts that "the chronology of alleged problems . . . took place early on, with the result that no defects were noted between August 30, 2008 and October 9, 2008[.]" [Stop Experts MIO 9] On the contrary, Plaintiff and the driver of the vehicle that struck her arguably noted a defect on October 9, 2008, when the flashing light system allegedly did not activate. As previously discussed, Plaintiff testified at her deposition that she pressed the button to activate the flashing light system and the driver of the vehicle that struck Plaintiff testified that she did not see the flashing lights. [RP Vol. VI, 1324, 1330]

**{16}** In its memorandum in opposition, Stop Experts argues that, in our notice, this Court erred in relying on the City's cross-claim against Stop Experts, which is contained in the record but was subject to a motion to strike. [Stop Experts MIO 2-4] Plaintiff responds that it was proper for this Court to consider this pleading. [MIS 6-7] We do not decide whether we can properly rely on a pleading that is subject to a motion to strike because we conclude that there was sufficient evidence in the record, even in the absence of the City's cross-claim, to create a material issue of fact. In our notice, we relied on the City's cross-claim as evidence that the flashing light system was defective at the time of the accident. As discussed above, Stop Experts does not dispute that the flashing light system had problems, but contends that the problems were addressed "weeks prior to the accident[.]" [Stop Experts MIO 4] We believe there was sufficient evidence to the contrary and thus conclude that the district court erred in granting summary judgment in favor of Stop Experts on Plaintiff's strict liability claim.

**Negligence Claim**

**{17}** The district court granted summary judgment in favor of Stop Experts on Plaintiff's negligence claim because it concluded that Plaintiff did not establish breach of duty and proximate cause. *See Herrera*, 2003-NMSC-018, ¶ 6 ("Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and

10

the breach being a proximate cause and cause in fact of the plaintiff's damages."). [RP Vol. VI, 1532] In our notice, we proposed to conclude that there were genuine issue of material fact with respect to these issues.

{18} In its memorandum in opposition, Stop Experts focuses its argument on proximate cause. Stop Experts contends that "Plaintiff's deposition testimony shows that her injuries would have been suffered with or without an alleged failure in the flashing light system." [Stop Experts MIO 13] We disagree with this characterization of Plaintiff's testimony. While Plaintiff's testimony may show that Plaintiff would have crossed the street regardless of whether the flashing lights had activated, it does not show that she would have been struck by a vehicle and injured regardless of whether the lights had activated. We conclude the district court erred in granting summary judgment in favor of Stop Experts on Plaintiff's negligence claim, noting that "[n]egligence is generally a question of fact for the jury." *See Herrera*, 2003-NMSC-018, ¶ 6 (internal quotation marks and citation omitted).

**CONCLUSION**

{19} For the reasons stated above and in our previous notice, we reverse the district court's grant of summary judgment in favor of the City and Stop Experts and remand for further proceedings.

{20} **IT IS SO ORDERED.**

_____

11

                                        **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**



_____
**M. MONICA ZAMORA, Judge**