FILED
United States Court of Appeals
Tenth Circuit

July 16, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW MARTINEZ,

        Plaintiff - Appellant,

v.

CATERPILLAR, INC., an Illinois
corporation,

        Defendant - Appellee.

No. 08-2074

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. 1:06-cv-00236-RHS/RLP)**

---

Kevin A. Zangara, Taos, New Mexico, appearing for Appellant.

Jeffrey M. Croasdell, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico (Edward Ricco and Jocelyn Drennan, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico; and W.T. Womble, Womble, Howell & Croyle, Houston, Texas, with him on the brief), appearing for Appellee.

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

      Plaintiff-Appellant Andrew Martinez suffered serious injuries while

attempting to inflate the right-front tire on a motor grader that was designed and

manufactured by Caterpillar Inc. ("Caterpillar"). Mr. Martinez sued Caterpillar on theories of negligence and strict products liability, and the case went to trial. By special verdict, the jury found that Caterpillar was not negligent and that the motor grader was not defective. On appeal, Mr. Martinez asserts that the district court made two errors regarding jury instructions. First, he argues, the district court erred in instructing the jury that Caterpillar could not be liable if the machine's condition had "substantially changed" before the accident. Mr. Martinez also argues that the district court should have instructed the jury that Caterpillar was required to give adequate directions for use of its machine. We conclude that the district court did not abuse its discretion by giving the "substantial change" instruction or by declining to give the instruction on directions for use. We therefore AFFIRM the district court's judgment in favor of Caterpillar.

## I. BACKGROUND

On June 27, 2005, employees of Taos County, New Mexico, were using a Caterpillar motor grader to improve a road that passed near Mr. Martinez's home. At that time, Mr. Martinez was near the road, grilling hamburgers and hot dogs for the crew. Mr. Martinez was not employed by the county and was not part of the road crew. The motor grader's right-front tire struck a hard object, causing the tire to deflate. The driver, Johnny Mascarenas, pulled it over to the side of the road, near the location where Mr. Martinez was cooking.

Mr. Mascarenas grabbed a compressor that was mounted to the motor grader and attempted to inflate the tire, but the air hose was too short. Mr. Martinez went to his home to find additional hose length. Mr. Mascarenas tried again, using the extra hose, but he could not inflate the tire. After Mr. Mascarenas quit trying, Mr. Martinez took the hose and tried to inflate the tire himself. During inflation, parts of the wheel assembly underwent a pressurized separation. The parts separated with explosive force, striking Mr. Martinez and causing him serious injuries.

The next day, Mr. Mascarenas found a lock ring—part of the wheel assembly—twenty feet from the motor grader. At trial, a Caterpillar expert testified that the wheel assembly would not have separated had the lock ring been in place. The expert also testified that the impact that caused the tire to deflate also could have knocked the lock ring loose.

Caterpillar did not post warnings on the tires, but it did post a general warning in the cab of the motor grader: "Do not operate or work on this machine unless you have read and understand the instructions and warnings in the operation and maintenance manuals. Failure to follow the instructions or heed the warnings could result in injury or death." The manuals included a section on tire inflation that warned about the risk of explosive wheel separation. The manual stated, "Servicing tires and rims can be dangerous. Only trained personnel that use proper tools and proper procedures should perform this maintenance." Taos

County had a policy requiring that a mechanic be called to fix a flat tire on a motor grader, and Mr. Mascarenas knew of the policy.

Mr. Martinez sued Caterpillar in New Mexico state court, claiming both negligence and strict product liability. The case was removed to federal district court. The district court, applying New Mexico substantive law, presented to the jury theories of defective design and failure to warn. The court instructed the jury that Caterpillar could not be held liable if Mr. Martinez's injury was caused by a condition of the motor grader which constituted a substantial change from the condition in which Caterpillar could reasonably have expected the grader to be used. The jury returned a verdict for Caterpillar, finding that Caterpillar was not negligent and that the motor grader was not defective. The verdict form does not indicate whether the jury considered the "substantial change" issue. The district court then entered final judgment in favor of Caterpillar.

On appeal, Mr. Martinez first asserts that the district court erred by giving the "substantial change" instruction. He argues that the loss of the lock ring does not constitute a substantial change; or, if it does, that the change was foreseeable and therefore does not absolve Caterpillar of liability. Mr. Martinez also asserts that the district court erred by not instructing the jury regarding Caterpillar's directions for use of its motor grader.

## II. DISCUSSION

A.    Standard of Review

Both of Mr. Martinez's arguments relate to jury instructions. In a diversity case, federal procedural law governs the court's decision about whether to give a particular instruction. *Reed v. Landstar Ligon, Inc.*, 314 F.3d 447, 449 (10th Cir. 2002). We evaluate the content of the instructions, however, under state substantive law. *Id.* We review the district court's decision about whether to give a particular instruction for abuse of discretion. *Thompson v. United States*, 223 F.3d 1206, 1210 (10th Cir. 2000). "We review de novo whether, as a whole, the district court's jury instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (10th Cir. 2006) (quotations omitted). We reverse "only in those cases where [we have] a substantial doubt whether the jury was fairly guided in its deliberations . . . ." *Lutz v. Weld County Sch. Dist. No. 6*, 784 F.2d 340, 341 (10th Cir. 1986) (quotations omitted).

B.    The Instruction on 'Substantial Change'

Mr. Martinez contends that the district court erred in giving the following instruction:

> In order for a supplier to be liable, the injury must have been caused by a condition of the product which was not substantially changed from the condition in which the supplier placed the product on the market or in which the supplier could have reasonably expected it to be used.
>
> For substantial change in the product to relieve a supplier of

liability, the change itself must be a cause of the harm done.

Mr. Martinez does not challenge the substance of the instruction, which traces New Mexico Civil Uniform Jury Instruction 13-1422 word for word. He also acknowledges that the jury could find that the lock ring was not in place during the accident. Instead, Mr. Martinez argues that the lock ring's absence did not constitute a "substantial change," and thus it was improper for the court to give that instruction. Relying on the Eleventh Circuit's interpretation of Georgia law, Mr. Martinez argues that a substantial change occurs only "when a person or entity other than the product seller changes the design construction, or formula of the product." *Lamb by Shepard v. Sears, Roebuck & Co.*, 1 F.3d 1184, 1188 n.6 (11th Cir. 1993) (quoting Model Uniform Products Liability Act § 112(D)(1)). He maintains that a substantial change could not occur due to a normal, intended use of the product, such as driving the motor grader. Relatedly, Mr. Martinez further asserts that the loss of the lock ring was foreseeable to Caterpillar, and therefore does not constitute a "substantial change."

New Mexico law does not offer a thorough definition of "substantial change," but a plaintiff has the burden of proving that a product "was substantially unchanged when it reached the user or consumer." *Garner v. Raven Indus., Inc.*, 732 F.2d 112, 114 (10th Cir. 1984) (applying New Mexico law). The plaintiff must prove "that the defect existed at a point in time sufficient to charge a particular defendant with the defect." *Springer Corp. v. Dallas & Mavis*

*Forwarding Co.*, 559 P.2d 846, 847 (N.M. Ct. App. 1976). In *Springer*, the issue was whether a defect "existed in the tire at the time Firestone parted with it." *Id.* This court, technically applying Kansas law but recognizing that the law was undeveloped, stated that "whether a change is 'substantial' must depend on whether the product's design was defective prior to the change." *Hiner v. Deere & Co.*, 340 F.3d 1190, 1199 (10th Cir. 2003). Thus, in determining whether a product underwent a substantial change, the analysis focuses on the product's condition when it left the manufacturer's control and its condition at the time of the injury. The analysis does not focus on the way in which the product was changed.

Taking the evidence in the light most favorable to Caterpillar, we assume that the lock ring was not in place when Mr. Martinez attempted to inflate the tire. The lock ring is a crucial safety device that would have prevented the tire assembly from separating. Certainly, a machine that is safe to use is in a substantially different condition from a machine that presents a major injury hazard. We conclude, therefore, that sufficient evidence was submitted "to permit a finding that the change or alteration was a cause of the plaintiff's injury." N.M. Civ. UJI 13-1422 (Directions for Use).[1]

---

[1]We recognize that a "substantial change" is often an intentional change, through further processing or some other alteration. *See, e.g., Hiner*, 340 F.3d at 1197–98 (defendant claimed plaintiff substantially changed machine by welding bale-fork attachments onto front-end loader). However, we find nothing in New

(continued...)

Relatedly, Mr. Martinez also argues that even if the change was substantial, the change was foreseeable; therefore, the change does not absolve Caterpillar of liability. We agree that foreseeability should be part of the analysis. *See Saupitty v. Yazoo, Mfg. Co.*, 726 F.2d 657, 659 (10th Cir. 1984) ("The manufacturer is liable if the subsequent modification was foreseeable."). The applicable jury instruction demonstrates that, under New Mexico law, the foreseeability analysis focuses on whether the product was "substantially changed from the condition . . . in which the supplier could have reasonably expected it to be used." N.M. Civ. UJI 13-1422. Thus, we must determine whether Caterpillar could have reasonably expected the motor grader to be used in its altered state—not whether the change itself was foreseeable. Given that the "use" of the motor grader in this case involved inflating the right-front tire, the question becomes whether Caterpillar could have reasonably expected someone to inflate the tire without the lock ring in place.

Mr. Martinez first argues that Caterpillar admitted the foreseeability of Mr. Martinez's accident. An expert witness testified that it was "foreseeable" for someone to try to inflate the tire without the lock ring in place, meaning that "it could happen." But saying that an event "could happen" does not equate to saying that it is "reasonably expected." *See* N.M. Civ. UJI 13-1422; *see also*

---

[1](...continued)
Mexico or Tenth Circuit law indicating that *only* intentional changes can be "substantial changes" in a strict products liability case.

*Johnstone v. City of Albuquerque*, 145 P.3d 76, 80 (N.M. Ct. App. 2006) ("Foreseeability is what one might objectively and reasonably expect, not merely what might conceivably occur.") (quotations omitted). The evidence shows that Caterpillar could not reasonably have expected that someone would attempt to inflate the motor grader's tires without the lock ring in place.

Caterpillar placed a sign in the cab of the motor grader warning users not to operate the machine without reading the maintenance manuals. The manuals clearly warn of the dangers associated with inflating the tires, stating that only "trained personnel" should work on the tires. In addition, there was evidence that most purchasers of motor graders are sophisticated users who know how to operate the machine. Caterpillar, therefore, could have reasonably expected that properly trained personnel would perform work on the motor grader's tires. In addition, Caterpillar could reasonably expect that trained personnel would know to look for a crucial safety device such as the lock ring.[2] Thus, Caterpillar could not reasonably have expected that someone would attempt to inflate the tire without the lock ring in place. The district court did not abuse its discretion on this point.

---

[2]William Busbey, an expert witness, testified that the lock ring was located on the outside of the wheel assembly so that someone trying to inflate the tire could see whether it was in place. After Caterpillar's counsel noted that the lock ring had been found twenty feet behind the motor grader, Mr. Busbey testified that Caterpillar expected trained personnel to service the tires so that they would know to look for the necessary pieces—presumably including the lock ring that had just been referenced.

Mr. Martinez also contends that the district court should not have given the substantial change instruction because it was not supported by any evidence. *See Gen. Motors Corp. v. Walden*, 406 F.2d 606, 608 (10th Cir. 1969) ("A party is entitled to have the jury instructed properly on his theory of the case if such theory is supported by competent evidence."). However, there was evidence at trial to support a finding that the motor grader's condition had substantially changed. Mr. Mascarenas testified that he found the lock ring approximately twenty feet behind the motor grader after the accident. An expert witness testified that the pressurized separation that caused Mr. Martinez's injuries could not have happened with the lock ring in place. Thus, evidence supported an inference that the motor grader's condition had substantially changed, and that the change was relevant to the accident. The district court, therefore, had the discretion to give the "substantial change" instruction.

B.     The Instruction on Inadequate Directions

Finally, Mr. Martinez asserts that the district court erred by failing to instruct the jury regarding Caterpillar's directions for use of its motor grader. He contends that the jury should have been permitted to find that Caterpillar's inadequate directions for use caused his injuries. The court did give four instructions regarding the adequacy of Caterpillar's warnings. The first of these, Instruction No. 22, read:

The supplier must use ordinary care to warn of a risk of injury.

However, there is no duty to warn of a risk unknown to the supplier, unless, by the use of ordinary care, the supplier should have known of the risk.

Under plaintiff's claim of "products liability," a product presents an unreasonable risk of injury if put on the market without warning of a risk which could be avoided by the giving of an adequate warning.

The supplier has no duty to warn of risks which it can reasonably expect to be obvious or known to foreseeable users of the product.

The next three instructions explained what constituted adequate warnings, and stated that if "an adequate warning would have been noticed and acted upon to guard against the danger, a failure to give an adequate warning is a cause of injury."

When a party requests that the court give a particular instruction, "[i]t is not error to refuse to give a requested instruction if the same subject matter is adequately covered in the general instructions." *FDIC v. Schuchmann*, 235 F.3d 1217, 1222 (10th Cir. 2000) (quotations omitted). For instance, in *Schuchmann*, the district court did not err by refusing to give an instruction on "conflict of interest," when the court gave a "fiduciary duty" instruction that covered similar issues. *Id.* at 1223. *See also Murphy Oil USA, Inc. v. Wood*, 438 F.3d 1008, 1019 (10th Cir. 2006) (instruction on fraud under Louisiana law was adequate to cover fraud claim under Oklahoma law). In this case, the instruction on Caterpillar's alleged failure to warn covered similar ground as an instruction on directions for use would have covered.

This similarity is evident in New Mexico Civil Uniform Jury Instruction 13-1417, titled "Warning or Directions; Means of Communication." The instruction reads, "To satisfy the duty [to warn] [to give directions for use], [a warning] [directions for use] must be communicated by a means which can reasonably be expected to reach [persons using the product] . . . ." N.M. Civ. UJI 13-1417. This instruction, by using the terms interchangeably, demonstrates that warnings or instructions would be communicated to the user in a similar manner. Thus, the jury likely would use the same analysis in assessing either claim. The jury would look at the information Caterpillar provided to users of the motor grader, and the manner in which it provided that information. Then it would determine whether those materials were adequate to inform users of the dangers associated with inflating a flat tire. Because the warning instructions covered this issue, the district court did not abuse its discretion in failing to instruct the jury on directions for use.

## III. CONCLUSION

The district court did not abuse its discretion in giving the instruction on substantial change, or in failing to give an instruction on directions for use. The instructions as a whole stated the law correctly and provided the jury with an adequate understanding of the applicable issues and standards. We therefore AFFIRM the district court's judgment in favor of Caterpillar.