**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MID-CONTINENT CASUALTY
COMPANY,

          Plaintiff-Appellee,

v.

BLUTONE ENTERPRISES, LLC;
RAY LAWRENCE; EUGENE
RADFORD,

          Defendants-Appellants,

and

SCOTT TURNER, JOYCE TURNER,
MARY SUE HEITZ,

          Defendants.

No. 10-6165
(D.C. No. 5:09-CV-00354-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On October 10, 2008, a 2005 Dodge pickup truck owned and operated by Blutone Enterprises, LLC, was involved in an accident resulting in personal injury to three individuals. Thereafter, Mid-Continent Casualty Company brought this diversity action against Blutone Enterprises, LLC, Ray Lawrence, and Eugene Radford (collectively, "Blutone"), seeking a declaratory judgment that at the time of the accident the truck was not covered by the commercial auto policy issued by Mid-Continent to Blutone.[1]  A jury returned a verdict for Mid-Continent, finding defendants had "not established by the greater weight of the evidence that the 2005 Dodge pickup involved in the collision . . . was covered under the . . . policy."  Aplt. App. at 325.  Blutone appeals, contending the district court erroneously excluded (1) an Insurance Identification Card, and (2) Proposed Jury Instruction No. 16.[2]  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[1]    Mid-Continent also named as defendants the three people injured in the accident (Scott Turner, Joyce Turner, and Mary Sue Heitz), but they are not parties to this appeal.

[2]    To the extent Blutone asserts on appeal that the jury was confused by the district court's preliminary statement and by Jury Instructions Nos. 3 and 8, Blutone waived appellate review—other than for plain error, which we do not here discern—by failing to object to the instructions in the district court. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1094 (10th Cir. 2007) ("[W]hen a party does not object to an instruction before the district court . . . we can review the district court's decision . . . only for plain error.  Under that standard, we will affirm unless the instructions were patently, plainly erroneous and prejudicial." (citations and internal quotation marks omitted)).

The parties are familiar with the facts so we provide only a brief summary. It is undisputed in this case that "[o]nly vehicles on the policy at the time of an accident are covered vehicles." Aplt. App. at 59. It is also undisputed that the 2005 Dodge pickup truck was not listed as a covered vehicle at the time of the accident, and that Blutone never received a bill or paid a premium for this vehicle. Notwithstanding, Blutone maintains that its employee, Donna Lawrence, asked Mid-Continent's agent, Kristina Donaldson, to add the truck to the policy during a forty-seven second telephone conversation on February 20, 2008.[3] Trial testimony established that Blutone's commercial auto policy allowed for Blutone to add or delete a vehicle by notifying Mid-Continent's agent, and that this was routinely done without incident—until this case.

**I.**

Prior to trial, Mid-Continent filed a motion in limine explaining that Blutone claimed it had an Insurance Identification Card in its file for the 2005 Dodge pickup, and that Blutone intends to argue that the Card shows it "requested the 2005 Dodge to be added" to the policy "and that Mid-Continent did add [it]." *Id.* at 20. Mid-Continent asserted that "[s]uch a claim is false, irrelevant to the single issue [in the case], confusing, and prejudicial." *Id.* In support, Mid-Continent explained that the reason Blutone had a Card in its file was

---

[3]    Whether the information necessary to add a vehicle to a policy can be exchanged in *forty-seven seconds* was a major issue of discussion at trial.

because Mid-Continent's agent had sent Blutone extra cards "[b]ecause when you have a fleet card you can use it in any of your vehicles." *Id.* at 21. In other words, unlike a personal auto policy, a commercial auto policy's identification cards do not list an individual vehicle; rather, under "MAKE/MODEL" the cards say "Fleet," Aplee. Supp. App. at 3. Since the Insurance Identification Card does not list an individual vehicle, reasoned Mid-Continent, it—and/or testimony about it—is not relevant to proving or disproving whether Ms. Lawrence asked Ms. Donaldson to add the 2005 Dodge pickup truck to the policy on February 20, and is therefore inadmissable. In the alternative, Mid-Continent argued that any evidence regarding the Card should be ruled inadmissible because it would be confusing and prejudicial since the jury might believe that the Card lists the individual vehicle the way an individual vehicle is listed on a personal auto policy.

Blutone filed a response to Mid-Continent's motion in limine, contending that the Insurance Identification Card was generated to allow it to obtain title to the 2005 Dodge pickup truck and thereby comply with Oklahoma law. Blutone urged that the Card was relevant because "[i]t is evidence of whether . . . [Blutone] thought it had insurance on the 2005 Dodge Pickup." Aplt. App. at 33. Blutone further argued that the Card evidenced "Mid-Continent's manner of doing business," stating that Mid-Continent "can and should have to explain to the Court and jury why the [Card] was produced and given to Blutone." *Id.*

-4-

After considering the parties' filings and hearing argument on

Mid-Continent's motion, the court stated:

> Here is what I'm going to do.  I will sustain the same ruling that I previously made[4] with regard to the insurance verification form, except that you [(counsel for Blutone)] will be given permission to approach the bench if you think [the Insurance Identification Card] becomes relevant, or if you think you can persuade the Court that it becomes relevant by anything said or done by [counsel for Mid-Continent], then you may approach the bench and we'll have a discussion with regard to what I will call a reserve ruling on the motion in limine.

*Id.* at 83-4.

On appeal, Blutone takes issue with the district court's exclusion of the

Insurance Identification Card and asserts that we should review the district

court's exclusion of the Card for an abuse of discretion.  Mid-Continent counters

that because the district court reserved ruling on the motion in limine, the proper

standard of review is the rigorous plain error standard.  *See Perkins v. Silver*

*Mountain Sports Club & Spa, LLC*, 557 F.3d 1141, 1146-47 & n.4 (10th Cir.

2009).  We need not engage in a standard of review inquiry, however, because

even applying the more lenient abuse-of-discretion standard we find no error.

Blutone submits that the district court abused its discretion because the

Insurance Identification Card is relevant and admissible under Federal Rules of

---

4      Earlier in the proceeding, the district court judge stated, "Let's rule on the motion[] in limine . . . . next is these insurance verification forms [(also known as Insurance Identification Cards)].  I don't see what part they play in this particular lawsuit."  Aplt. App. at 75, 77.

Evidence 401 and 402—it is "how Mid Continent chooses to allow its insureds to prove they are in compliance with Oklahoma's mandatory liability insurance law," and it "show[s] ownership and Blutone's state of mind as to whether it believed it was insured." Aplt. Br. at 11. Blutone also directs our attention to the jury's two questions to the court during deliberations: "(1) Was the Truck tag[g]ed; and (2) was it registered to Blutone." *Id.* at 12 (citing Aplt. App. at 65). Blutone argues that the jury "knew that a person cannot tag or register a vehicle without showing proof of insurance," which "is generally accomplished by submitting an insurance verification form to the state." *Id.* at 12. Therefore, argues Blutone, "[t]he jurors were without the very piece of evidence that was at the heart of their questioning," and this relevant evidence's probative value outweighs the danger of unfair prejudice or confusion. *Id.* (citing Fed. R. Evid. 403). We disagree.

"[A] trial court has broad discretion to determine whether evidence is relevant, and its decision will not be reversed on appeal absent a showing of clear abuse of that discretion." *Hill v. Bache Halsey Stuart Shields Inc.*, 790 F.2d 817, 825 (10th Cir. 1986). In this case, the Insurance Identification Card was irrelevant to the single issue before the jury—whether Blutone's Ms. Lawrence asked Mid-Continent's agent, Ms. Donaldson, to add the truck to the policy during a forty-seven second telephone conversation on February 20, 2008. The Card did not tend to prove or disprove this question because, among other things,

it does not include a vehicle identification number, make, model, or year of a vehicle; instead, it only says "Fleet," Aplee. Supp. App. at 3. Accordingly, we are not "firmly convinced that a mistake [was] made" by the district court. *Hill*, 790 F.2d at 826. Indeed, the court invited Blutone's counsel "to approach the bench if you think [the Insurance Identification Card] becomes relevant, or if you think you can persuade the Court that it becomes relevant by anything said or done by" counsel for Mid-Continent. Aplt. App. at 83-4. But Blutone did not make any proffer on this issue at trial. We conclude that the district court's decision to exclude this evidence was not an abuse of discretion.

## II.

Blutone next contends the district court abused its discretion in refusing to give Blutone's Proposed Jury Instruction No. 16, and that doing so caused confusion amongst the jury members. In a diversity case such as this, "the substance of a jury instruction is a matter of state law, but the grant or denial of a tendered instruction is governed by federal law." *Blanke v. Alexander*, 152 F.3d 1224, 1232 (10th Cir. 1998). Although we review the district court's refusal to give a particular instruction for an abuse of discretion, "[w]e review de novo whether, as a whole, the district court's jury instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *Martinez v. Caterpillar, Inc.*, 572 F.3d 1129, 1132 (10th Cir. 2009) (internal quotation marks omitted). "We reverse only in those

-7-

cases where we have a substantial doubt whether the jury was fairly guided in its

deliberations . . . ." *Id.* (brackets and internal quotation marks omitted).

Proposed Jury Instruction No 16 stated, in pertinent part:

**ACTIONS OF INSURANCE AGENT ARE ACTIONS OF INSURER**

Act performed by the insurance agent can bind the insurance company within the scope of his authority, which includes the taking and preparation of applications for insurance for submission to the insurance company.

You should consider the actions of Messer-Bowers [(the agent[5])] as those actions of Mid-Continent because Messer-Bowers['] actions in taking information and preparing applications falls with the scope and authority of the agency of Messer-Bowers.

Aplt. App. at 48.

But, as Mid-Continent points out, the district court read the parties'

stipulations to the jury, which stated, in part:

The parties have agreed to the following facts:

(2)  Messer Bowers Company, Inc., is Mid-Continent Casualty Company's agent.  Notice to Messer-Bowers would be notice to Mid-Continent Casualty Company.  Likewise, failure to notify Messer-Bowers would be failure to notify Mid-Continent Casualty Company.

*Id.* at 59.  Thus, counters Mid-Continent it would be confusing "for the jury to be

told the parties stipulated to the agency relationship but then be instructed that

---

[5]      Messer-Bowers is an agent of Mid-Continent, the insurer, as is Ms. Donaldson in her capacity as a Messer-Bowers employee.

agency was an issue to be decided," Aplee. Br. at 11-12, especially when "[f]actual stipulations withdraw a fact from issue and dispense with the need for proof of the fact," *id.* at 12 (citing *Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 130 S. Ct. 2971, 2983 (2010)). We agree with Mid-Continent. In deciding to exclude Proposed Jury Instruction No. 16, the district court concluded that the stipulation adequately covered the agency issue and that the instruction that Blutone proffered would be duplicative of the stipulation. This determination was not an abuse of discretion and we do not have any doubt that the jury "was fairly guided in its deliberations." *Martinez*, 572 F.3d at 1132 (10th Cir. 2009) (internal quotation marks omitted).

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge