**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GEORGE J. CLARK, a Wyoming resident,

    Plaintiff - Appellant,

v.

KELLER TRANSPORT, INC., a Montana
corporation,

    Defendant - Appellee.

No. 15-8037
(D.C. No. 1:13-CV-00279-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

George Clark appeals following a jury verdict in favor of defendant Keller

Transport, Inc. ("Keller"). The jury found that Keller was negligent, but that its

negligence was not a cause of Clark's alleged injuries. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

DMK Trucking ("DMK") leased a tank trailer to Keller to haul crude oil from a tank battery in Wyoming. A small number of the battery wells produced crude oil containing $H_2S$ gas ("sour crude oil"). At certain levels, this gas is a toxic breathing hazard, and short-term, high-level exposure to $H_2S$ can cause a person to collapse.

Clark claimed he was injured when he fell off of the top of the tank trailer while filling it. He asserted that he fell because he was overcome by $H_2S$ fumes, and that he suffered significant injuries, including paralysis, from his fall. He alleged his fall resulted from Keller's negligence in failing to inform him of the dangers of $H_2S$ or how to load or unload sour crude oil. Clark also alleged negligence in maintaining the tank trailers. And Clark refuted Keller's contention that it had delegated any duty of care to DMK by arguing that Keller owed him a non-delegable duty to provide necessary safety training and a safe workplace because the work involved ultrahazardous activities.

Keller disputed both that $H_2S$ exposure caused Keller's fall, and that Keller was injured in the fall. Keller presented evidence that: (1) on the day of the accident, Clark said he fell off the trailer because he tripped over a spring, and did not claim he had fallen due to $H_2S$ exposure until seven months later; (2) Clark's treating physicians determined that Clark was not paralyzed and that there was nothing objectively wrong with him; (3) witnesses saw Clark walk, drive, and hunt after the fall; and (4) Clark had been warned and trained about the hazards of $H_2S$, and there was signage at the tank battery warning of the same. Keller also contended

2

that even if Clark had been injured due to $H_2S$ exposure, Keller was not liable because Clark was not Keller's employee.[1]

After a nine-day trial, the jury found in favor of Keller. On the verdict form, it answered "Yes" to the question, "Was Defendant Keller Transport negligent?" but answered "No" to the question, "Was the negligence of Defendant Keller Transport a cause of the injuries or damages claimed by Plaintiff George J. Clark?" Clark moved for relief under Fed. R. Civ. P. 50 and 59, arguing that the district court erred in not giving a requested jury instruction. The district court denied the motion, and Clark appeals.

## II

Clark alleges the district court erred in denying his request to include the following jury instruction: "Where work activities involve an ultrahazardous activity, the duty to maintain a safe place to work is nondelegable." In diversity cases, "the substance of a jury instruction is a matter of state law, but the grant or denial of a tendered instruction is governed by federal law." Blanke v. Alexander, 152 F.3d 1224, 1232 (10th Cir. 1998). Although we review the district court's refusal to give a particular instruction for an abuse of discretion, "[w]e review de novo whether, as a whole, the district court's jury instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and

---

[1] The parties continue to dispute whether Clark was legally an employee of Keller. We do not resolve this dispute as it is not material to our analysis.

applicable standards." Martinez v. Caterpillar, Inc., 572 F.3d 1129, 1132 (10th Cir. 2009) (quotation omitted).

Clark's sole argument is that, absent the instruction, the jury may have concluded Keller's negligence was not a cause of Clark's claimed injuries because it mistakenly believed that Keller could contractually delegate away the consequences of its negligence and therefore escape liability under the causation analysis. But this argument confuses the elements of his negligence claim. "The essential elements of a negligence claim are duty, a breach of that duty, proximate causation, and an injury." Loredo v. Solvay Am., Inc., 212 P.3d 614, 630 (Wyo. 2009). Clark's proposed jury instruction relates only to whether Keller owed a duty of care. But the jury agreed that Keller owed a duty to Clark, and breached that duty in its negligence. Clark confuses this duty element—on which the jury found in his favor—with the causation element. Allmaras v. Mudge, 820 P.2d 533, 541 (Wyo. 1991) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm." (quotation omitted)). The jury found that—regardless of the source of Keller's duty—Keller's negligence did not cause Clark injury. This finding was not unreasonable given the conflicting evidence as to why Clark fell from the tank trailer and whether he was injured. Because the jury reasonably concluded that Clark failed to demonstrate causation, a finding that Keller had a non-delegable duty of care would not have impacted the outcome. Any error regarding the non-delegation instruction was harmless. Accord Fed. Deposit Ins.

4

Corp. v. Schuchmann, 235 F.3d 1217, 1224 (10th Cir. 2000) (requiring appellant to demonstrate a "possibility the jury's verdict finding an absence of proximate cause would have been different" if the jury had premised negligence on a different theory of breach).[2]

### III

The district court judgment is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Moreover, the given instructions adequately advised the jury of the law regarding ultrahazardous activities. See Martinez, 572 F.3d at 1134 ("[I]t is not error to refuse to give a requested instruction if the same subject matter is adequately covered in the general instructions." (quotation omitted)). Specifically, two instructions informed the jury that Keller owed Clark a duty to provide a reasonably safe workplace if the work it contracted DMK to do was ultrahazardous. These instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards. Id. at 1132.