**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARY McDONALD,

      Plaintiff - Appellant,

v.

CITY OF WICHITA, KANSAS; GARY
REBENSTORF,

      Defendants - Appellees.

No. 17-3043
(D.C. No. 6:14-CV-01020-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Mary McDonald appeals the district court's entry of judgment after a jury

verdict in favor of defendants on her Title VII retaliation claim. She argues that the

jury was improperly instructed on the legal standard for retaliation. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

McDonald served as Chief Prosecutor for the City of Wichita, Kansas, under

the supervision of Gary Rebenstorf, City Attorney and Director of Law for the

municipality. In February 2010, City Manager Robert Layton instructed Rebenstorf

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to review the organization of the Law Department to determine if staff assignments were properly aligned with the city's legal needs. Layton later sent a memorandum to all city departments warning of budget shortfalls and urging department heads to develop plans to more efficiently provide services.

In response, Rebenstorf circulated a comprehensive survey to all the prosecutors in the Law Department's Criminal Division, stating that he had been asked to review the department due to budget pressures. Rebenstorf asked Sharon Dickgrafe, at that time the First Assistant City Attorney in the Law Department's Civil Division, to develop a plan for addressing common issues identified in the surveys. Dickgrafe made various recommendations, including that McDonald take a more active role in handling cases. Rebenstorf instituted several of the proposed changes.

One of the attorneys in the office, Jan Jarman, was dissatisfied with her new assignment. Jarman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 24, 2010. Five days later, McDonald claims that Rebenstorf angrily confronted her about Jarman's charge. Two weeks after this alleged meeting, Rebenstorf proposed significantly modifying the Chief Prosecutor position. On April 7, 2011, Dickgrafe recommended eliminating the position entirely. Rebenstorf adopted that recommendation. On February 17, 2012, he informed McDonald that the Chief Prosecutor position would be eliminated.

McDonald filed a charge of discrimination with the EEOC and the Kansas Human Rights Commission, after which she initiated the present action. McDonald brought several claims, among them an allegation that defendants retaliated against her in violation of Title VII. The parties consented to have a magistrate judge preside over a jury trial. After the jury returned a verdict in favor of defendants, McDonald timely appealed.

## II

McDonald argues that the trial court erred in instructing the jury that she was required to prove retaliation was "the but for cause" for eliminating the Chief Prosecutor position, rather than "a but for cause." "We review a district court's decision to give a particular jury instruction for abuse of discretion, but we review de novo legal objections to the jury instructions." Lederman v. Frontier Fire Prot., Inc., 685 F.3d 1151, 1154 (10th Cir. 2012) (quotations omitted). "We review de novo whether, as a whole, the district court's jury instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Martinez v. Caterpillar, Inc., 572 F.3d 1129, 1132 (10th Cir. 2009) (quotation omitted).[1]

McDonald is correct that jury instructions equating but-for causation and "sole cause" are legally erroneous. See Gentry v. E. W. Partners Club Mgmt. Co., Inc., 816 F.3d 228, 236 n.5 (4th Cir. 2016) ("While the district court at one point misspoke

---

[1] Because we conclude McDonald's appellate arguments fail on the merits, we "need not opine on the waiver issue" raised by defendants. United States v. Wells, 873 F.3d 1241, 1250 (10th Cir. 2017).

and stated that disability had to be the sole cause of Gentry's termination, the court corrected itself by providing oral and written instructions that disability need not be the 'only or sole cause' of Gentry's termination."); Leal v. McHugh, 731 F.3d 405, 415 (5th Cir. 2013) ("[B]ut for cause does not mean sole cause." (quotations omitted)); Ponce v. Billington, 679 F.3d 840, 846 (D.C. Cir. 2012) ("Had the district court stopped at the end of the second sentence—Ponce 'must prove that illegal discrimination . . . was the sole reason for his non selection'—we might well have reversed."); Miller v. Cigna Corp., 47 F.3d 586, 598-99 (3d Cir. 1995) (en banc) ("Since the district court instructed that age must be shown to be the sole cause of the employer's decision and since the record would support a conclusion that, while other factors played a role, age was a determinative factor, we will reverse and remand for a new trial.").

But in this case, the jury was not instructed to find in defendants' favor unless McDonald proved that retaliatory animus was the sole cause of the elimination of the Chief Prosecutor position. We reject McDonald's contention that "the but for cause" is the equivalent of a "sole cause" standard. Although "the" is generally used as a definite article, the Supreme Court has explained "that Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013). It strains credulity to suggest that a jury instruction that articulates a standard as it appears verbatim in a Supreme Court opinion constitutes a reversible

error.[2]  As this court has previously held, a "district court's emphasis on 'the' in 'the reason'" does not "implicitly, and necessarily, equate[] to stating 'the sole reason.'" Harley v. Potter, 416 F. App'x 748, 752 (10th Cir. 2011) (unpublished).  We are not persuaded by McDonald's citation to conflicting state court case law.  See Peterson v. Gray, 628 A.2d 244, 246 (N.H. 1993) ("But if the jury determined that the plaintiff's arthritis was 'a proximate cause' of her wrist fusion, then the defendant's actions could not possibly have been 'the proximate cause.'" (emphases omitted)).

## III

McDonald's second argument is that the trial court erred in declining to instruct the jury with respect to her "perceived participation" or "mistaken belief" retaliation theory.  "We review the district court's decision to give or to refuse a particular jury instruction for abuse of discretion."  Cordova v. City of Albuquerque, 816 F.3d 645, 660 (10th Cir. 2016).

We conclude the district court did not abuse its discretion in declining to give McDonald's proffered instruction.  The magistrate judge provided four reasons for declining the instruction:  (1) the language was unnecessary because it was merely an

---

[2] We acknowledge that the Nassar Court also prefaced "but for cause" with the article "a."  See id. at 362 ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by employer." (emphasis added)).  And the Court in Burrage v. United States, 134 S. Ct. 881 (2014), described its holding in Nassar as requiring a plaintiff bringing a Title VII retaliation claim to prove "that the desire to retaliate was [a] but for cause of the challenged employment action."  Id. at 888-89 (alteration in original).  Although we do not doubt that, on balance, "a" is preferable to "the" as an article to precede "but for cause," we stop short of holding that use of the article "the" suffices to constitute reversible error.

5

extension of McDonald's primary theory; (2) McDonald had not preserved the theory in the pretrial order; (3) the Supreme Court's decision in Nassar suggested that the plain text of Title VII did not support a "perceived participation" theory; and (4) the proposed instruction would confuse the jury. Regardless of whether a perceived participation theory is viable, the court did not abuse its discretion. See United States v. Smalls, 752 F.3d 1227, 1246 (10th Cir. 2014) ("It is not error to refuse to give a requested instruction if the same subject matter is adequately covered elsewhere." (quotation omitted)); Rios v. Bigler, 67 F.3d 1543, 1549 (10th Cir. 1995) ("The district court has discretion to exclude from trial issues and claims not set forth in the pretrial order, and to refuse to instruct the jury on matters beyond the scope of the pretrial order." (quotation and citation omitted)); Smith v. Minster Mach. Co., 669 F.2d 628, 634 (10th Cir. 1982) (holding that the "instruction which the court gave was appropriate" as "plaintiff's tendered instruction could have been very confusing to the jury").

## IV

AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

6